## PEARSON v. NORTON.

The act of June 14, 1881, relating to the production of packages of votes by the secretary of state before the court or other proper authority, was not intended to give everybody, or every citizen, or every voter of the county, an absolute right to a recount without due cause shown.

PETITION, presented to the court at the October trial term, 1884, as follows :

Respectfully represents John C. Pearson, of Boscawen, in said county of Merrimack, that on the first Tuesday of November, 1884, he was, and for a long time prior thereto had been, a resident of said Boscawen ; that at the biennial election held on said Tuesday of November he was a candidate for the office of sheriff of said county of Merrimack, and as such received a large number of legal votes for said office ; that he apprehends that errors have been made in counting the ballots cast for said office in the various towns throughout said county, and that he has made due request in writing, to wit, on the eighth day of December, 1884, upon each and every town-clerk in said county, to send to the secretary of state the packages or envelopes of votes cast for your petitioner, as well as all other ballots given in for any person for said office of sheriff, at said election, pursuant to the provisions of c. 57, s. 40, of the laws passed at the June session, 1879 ;—Wherefore your petitioner prays this court to make an order in writing upon the secre-. tary of state, to produce before said court such package or pack-

ages of votes as may be in his custody given in for your petitioner, or for any other person, for said office of sheriff of said county of Merrimack, on said first Tuesday of November, 1884, and in the presence of this court open the same, and permit said votes to be examined and correctly counted, pursuant to the provisions of *c.* 1, *s.* 1, of the laws passed at the June session, 1881.

John C. Pearson.

An order of notice was issued to the defendant, who appeared and objected,—1, that the court cannot order a recount before the state of the votes is declared by the court at the law term acting as a canvassing board; 2, that the court cannot go behind the returns and declare any person elected; 3, that the petition does not allege any fraud or error in the count or returns; 4, that the grounds of the petitioner's apprehension, that errors in the count have been made, are not set forth; and, 5, that the petition is not sworn to.

*J. H. Albin,* for the petitioner.

*George & Shirley* and *Henry Robinson,* for the defendant.

CARPENTER, J. If some proceeding were pending in this court for settling the claims of these parties to the office of sheriff, there would be a question whether, as a matter of law, either of them would be entitled to such an order as the plaintiff asks. It might be claimed that an examination, including a recount of the votes, was their legal right. But no such proceeding has been instituted, and the act of June 14, 1881, was not intended to give everybody, or every citizen, or every voter of the county, an absolute right to a recount without due cause shown. There may be a question whether the act authorizes the court to order a recount at the request of any voter or other person interested in the public welfare, or either of the candidates having a private interest in the election, for the purpose of discovering evidence on which a suit could be begun for contesting the election, or for the purpose of satisfying persons specially concerned, or the public in general. However it might be if the legislature should appoint a committee of investigation for the discovery of facts of which, for some legislative purpose, information might be desired, there is no presumption that they intended to impose upon the court an imperative duty of ordering a recount for the mere purpose of quieting the public mind, or enabling a candidate to discover whether it would be expedient for him to contest an election. A recount for such a purpose would not be within the usual range of judicial action, and so wide a departure from the ordinary course of judicial duty cannot be fairly inferred as the legislative intent from anything less than a plain expression of that intent. A design to require the court, without any exercise of judgment upon any question of

law or fact, to order a recount merely because it is desired by one
of the candidates, is not plainly expressed in the statute, and can-
not be reasonably held to be its meaning.

It is not necessary to inquire whether the court have power to
make the order in this case. If the power exists, we think the
statute does not require its exercise for the cause alleged by the
plaintiff. Without examining the question of power, the petition
is dismissed, on the ground that the statute does not make it our
duty to grant it without other cause than that alleged by the
plaintiff, and that if we are authorized to grant it in the exercise
of a discretionary power, sufficient cause is not alleged for the
exercise of the power in this case.

*Petition dismissed.*

SMITH, J., did not sit: the others concurred.